MICHAEL J. MONAHAN *vs.* WILLIAM W. BABCOCK COMPANY.

Suffolk.    March 10, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Construction.   *Words,* "All windows in."

Where, in a construction mortgage agreement relating to the erection of a dwelling house, it is stipulated that a certain payment for plastering shall be due "when said building shall be plastered and skimmed and all windows in and blinds hung," this can be found to mean that the payment shall not be due until the windows are finished with sashes and glass ready for use as completed

windows, and that the windows are not "in" within the meaning of the condition when the holes for them have been made and the general frames have been inserted, with nothing further done.

CONTRACT for $496 and interest alleged to be due and payable to the plaintiff on an order drawn by one McKenney and one Foss on the defendant, a corporation engaged in lending money on construction mortgages. Writ in the Municipal Court of the City of Boston dated April 14, 1909.

The order was as follows:

"July 12, 1907. William W. Babcock Company: Please pay to M. J. Monahan Four Hundred ninety-six Dollars ($496) for plastering and skimming house on lot A Middlesex Road, Brookline, out of the plaster payment on your mortgage loan on lot A Middlesex Road when the same shall become due.

"Lewis T. McKenney,
Walter F. Foss,
"Trustees under a Declaration of Trust known as the Middlesex Circle Apartment Trust."

This order was accepted in writing by the defendant as follows:

"Boston, August 20, 1907. We accept the above order and agree to pay the same on the following conditions only: — When the plaster payment shall become due on lot 'A' Middlesex Road, Brookline, as per construction mortgage agreement between William W. Babcock Company and Charles W. Marshall, we will pay M. J. Monahan the sum of $496.00.

"William W. Babcock Company,
Cora M. Jeffrey."

On appeal to the Superior Court the case was heard by *Morton*, J., without a jury.

The defendant admitted that this order was drawn against it and that it was accepted in the form above stated; that Miss Jeffrey, the secretary of the company, was authorized to accept it; and that the plaintiff went ahead and did the work; but the defendant denied that the builder ever got the work along to the stage where the plaster payment, so called, was due from the mortgagee.

The defendant contended that the acceptance was a conditional one, and that the only question was whether the conditions of the acceptance had been complied with. Upon this point there was evidence which is referred to briefly in the opinion.

No copy of the construction mortgage agreement, referred to in the defendant's acceptance of the order, was included in the bill of exceptions. The following testimony in regard to its material provision occurred in the cross-examination of the defendant's president. He testified that the defendant did a large business in lending money on construction loans; that the written agreement as to the loan for the building to be put on lot A provided how the payments should be made; that the first and second payments were reached and paid, that the third payment of $1,500 was to be made according to the written agreement " When said building shall be plastered and skimmed and all windows in and blinds hung "; that this was the plaster payment, so called; that the building did not reach the stage where the plaster payment, so called, could be required; and that the builders failed to earn the plaster payment by not putting in the windows. He further testified that he should have waived the objection that no blinds had been put on if it had been called to his attention that awnings were to be used.

At the conclusion of the testimony, the judge stated that it appeared to be clear that there were holes in the wall with the wood work or frames around them, but that none of the cross bars, nor glass, none of the movable portion of the windows, had been put in, and that, this being so, he would find as a fact that the specified contract was not complied with, and that the plaintiff was not entitled to recover.

The judge found for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. O'Connell, J. E. O'Connell & D. T. O'Connell,* for the plaintiff.

*J. L. Bates, F. N. Nay & L. M. Abbott,* for the defendant.

HAMMOND, J. The acceptance of the draft was conditional and the condition was that the plaster payment should be due. Did that payment ever become due? By the contract between

the builder and the defendant it was to be due " when said building shall be plastered and skimmed and all windows in and blinds hung."

All that the builder ever did as to the windows was to make the openings and put in the general frames without the sashes or glass. The plaintiff contended and introduced evidence in support of the contention that windows were "in" when the holes were made and the general frames were inserted. But there was some conflict in the evidence. The defendant did not seem to rely upon the fact that the blinds were not hung, because awnings were to be used and blinds in such case would not be needed, but insisted that the part of the contract which related to the windows had not been performed.

The judge before whom the case was tried without a jury found as a fact that the specified contract had not been complied with, and found generally for the defendant; and the case is before us upon the plaintiff's exceptions to those findings.

The house to be constructed was situated in Brookline, and, we understand, was to be a dwelling house. It is unnecessary to recite the evidence in detail. It is sufficient to say that, whatever may be the meaning of the word " window " in certain connections, the evidence warranted a finding that the phrase " all windows in," when taken in connection with the phrase " blinds hung," and all being a part of a clause in the contract for the erection and completion of a dwelling house, meant windows fitted with sashes and glass ready for use as completed windows.

*Exceptions overruled.*